11-918-cr
United States v. Catul

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                      REENA RAGGI,
                      DENNY CHIN,
                                 *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                 *Appellee*,

                      v.                                                      No. 11-918-cr

JEAN CLAUDE CATUL, a.k.a. Jean C. Catule,
a.k.a. Jean Cotture,
                                 *Defendant-Appellant*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      DAVID A. LEWIS, Federal Defenders of New York, Inc., New York, New York.

APPEARING FOR APPELLEE:      SOUMYA DAYANANDA (Emily Berger, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 7, 2011, is AFFIRMED.

Jean Claude Catul, who was convicted in 2007 of bank fraud and aggravated identity theft, see Judgment of Conviction, United States v. Catul, No. 06-cr-81 (DLI) (E.D.N.Y. Aug. 7, 2007), ECF No. 30, appeals from a judgment revoking his supervised release in that case based on a 2010 New York State conviction for fourth degree attempted grand larceny. Specifically, Catul challenges his sentence, which requires him to serve nine months' imprisonment and a 51-month term of supervised release with the special conditions that he serve the first six months in a halfway house and thereafter perform 40 hours of community service each week if not employed or engaged in a vocational services program, or eight hours each week if engaged in such a program but not employed. Catul contends that the sentence is procedurally unreasonable insofar as it is based on erroneous findings of fact, and substantively unreasonable in that the special conditions of supervision violate the parsimony clause of 18 U.S.C. § 3553(a). Because Catul failed to raise these objections in the district court, we review only for plain error and identify none here. See United States v. Ware, 577 F.3d 442, 452-53 (2d Cir. 2009), cert. denied, 131 S. Ct. 432 (2010).

1.    Procedural Error

Catul complains that four erroneous findings of fact infect the challenged sentence:

2

(1) his insufficient efforts to maintain employment while on supervision, (2) the short time between Catul's release from custody and his supervision violation, (3) the statutory penalty that could apply for Catul lying to his probation officer, and (4) Catul's efforts to minimize the seriousness of the conduct underlying his violation. We disagree.

The district court acted well within its discretion in inferring from 22 months of only intermittent, short-term employment that Catul had failed to make sufficient efforts toward securing and maintaining lawful employment while on supervised release. Similarly, the district court reasonably expressed concern that Catul violated the conditions of his supervision less than two years after release from prison, particularly given Catul's prior history of supervised release violations. Although the district court did misstate the term of imprisonment for lying to a probation officer as a minimum rather than maximum of five years, see 18 U.S.C. § 1001(a), in context, it is clear that this was not so much a finding of fact informing the challenged sentence but a passing reference intended only to emphasize the undisputed fact that Catul's lie constituted yet another supervision violation indicative of a persistent failure to conform his conduct to law. In these circumstances, the misstatement did not undermine the fairness, integrity, or public reputation of the sentencing proceeding so as to manifest plain error. See United States v. Irving, 554 F.3d 64, 78 (2d Cir. 2009) (stating that reversal for plain error requires showing of (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects fairness, integrity, or public reputation of judicial proceedings). Finally, if Catul did not "minimize" his violation

conduct by ascribing the larceny to dire financial circumstances, he certainly sought to "mitigate" it and, thus, we identify no plain error in the district court's criticism.

2.      Substantive Reasonableness

In the absence of procedural error, we will identify a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible" sentences.  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted); see also United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that "in the great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable").  That is not this case.

The record makes plain that the district court recognized that Catul would need considerable assistance successfully to complete a 51-month term of supervision.  It imposed the challenged six-month halfway-house condition (rather than the four months initially proposed by the parties) to ensure that the Probation Department and Catul had sufficient time to secure various identification documents, as well as to set up the public, medical, educational, and vocational assistance necessary for Catul to make a successful transition from prison to residing on his own.  Further, it imposed the community service condition to provide Catul with productive activity even during periods when he was not employed, thereby minimizing the risks of recidivism.  While Catul's total community service obligations could conceivably exceed the 400-hour maximum recommended by the

4

Sentencing Guidelines, that recommendation is informed primarily by a concern with the administrative burdens that community service conditions place on supervising probation officers. See U.S.S.G. § 5F1.3 cmt. n.1. Where, as here, the Probation Department itself recommends the challenged service condition, and the district court articulates sound reasons for its imposition, we identify no abuse of discretion in the application of the parsimony clause, let alone plain error. This conclusion is only reinforced by the fact that the district court retains discretion to modify the conditions of supervised release if it determines that the burdens imposed fail to serve the purposes of sentencing. See 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(c); United States v. Amer, 110 F.3d 873, 884 (2d Cir. 1997).

3. Conclusion

We have considered Catul's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court